UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-147 DSF(JC) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Vincent Keith Johnson v. State of California | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED**

On January 11, 2016, petitioner, who is proceeding *pro se*, signed a Petition for Writ of Habeas Corpus ("Petition") which was formally filed on January 29, 2016. Petitioner appears currently to be in custody in state prison on a three-year sentence imposed in October 2014, in connection with his September 3, 2014 guilty plea and conviction in Orange County Superior Court on a charge of violating California Penal Code section 290 ("Section 290"), by failing to re-register as a sex offender ("State Case"). (Petition at 2). Although not entirely clear, the Court liberally construes the Petition to challenge the sentence imposed upon petitioner in the State Case as such sentence apparently requires petitioner to register as a sex offender under Section 290 as a condition of parole.[1] The Petition is deficient in multiple respects.

First, the Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions. See Local Rule 83-16; Rule 2(d) of the Habeas Rules. It is important to utilize the approved form, because, among other reasons, the approved form calls for specific information regarding whether individual claims have been presented to and resolved by the California Supreme, *i.e.*, whether they have been exhausted, as discussed further below.

Second, the Petition improperly names the State of California as a Respondent. See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent). An appropriate respondent is petitioner's immediate custodian (*i.e.*, the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also

---

[1] To the extent petitioner intends to challenge his 1990 Florida conviction based upon a theory that enforcement of Section 290 has effected a breach of his plea agreement in that case, such a challenge may not properly be resolved by this California federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-147 DSF(JC) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Vincent Keith Johnson v. State of California | | |

28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules and the Advisory Committee Notes thereto. The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

      Third, it does not appear that petitioner's claim is cognizable on federal habeas review. Pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner's instant claim is based solely on the application of state law, *i.e.*, whether, he is required to register as a sex offender under Section 290. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Moor v. Palmer, 603 F.3d 658, 661 (9th Cir.) (petitioner's claim that state parole board misapplied state statutes failed to state basis for federal habeas corpus relief), cert. denied, 562 U.S. 1049 (2010); Corelleone v. California, 2014 WL 5660782, *3 (C.D. Cal. Nov. 3, 2014) (challenge to application of California sex offender registration law not cognizable on federal habeas review).

      Fourth, pursuant to 28 U.S.C. § 2254(b)(1) and governing case law, habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997); Keating v. Hood, 922 F. Supp. 1482, 1490 (C.D. Cal. 1996), app. dismissed on other grounds, 133 F.3d 1240 (9th Cir. 1998). In this case, the Petition does not reflect whether petitioner's claim has been presented to and resolved by the California Supreme Court. The Court's search of the publicly available dockets of the California Supreme Court yield no indication that petitioner has presented his instant claim – or any challenge to the conviction or sentence in the State Case – to such court. If petitioner's claim has not been presented to and resolved by the California Supreme Court, dismissal of the Petition as wholly unexhausted would be appropriate.[2]

---

      [2]Although such dismissal would be without prejudice, the dismissal of the present proceeding (even dismissal without prejudice) might contribute toward a statute of limitations bar against a federal petition subsequently filed by petitioner. Although 28 U.S.C. § 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim," the statute of limitations probably has not and would not be tolled during the pendency of the present federal proceedings. See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-147 DSF(JC) | Date | February 4, 2016 |
| Title | Vincent Keith Johnson v. State of California | | |

In light of the foregoing, petitioner is ordered by not later than **February 22, 2016,** to show cause why the Petition should not be dismissed based upon the above-referenced deficiencies. Petitioner's filing of a first amended petition for writ of habeas corpus which cures such deficiencies by such date will be a sufficient response to this Order to Show Cause.[3] The Clerk is directed to provide petitioner with a blank current Central District habeas petition form for petitioner's use in the event he chooses to file a first amended petition. Alternatively, in the event petitioner elects not to proceed with this action, he may expedite matters by signing and returning the attached Notice of Dismissal.[4]

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the Petition based upon the above-referenced deficiencies and/or the dismissal of this action based on petitioner's violation of this Order to Show Cause and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[5]

Attachments

Initials of Deputy Clerk: hr

---

[3] Any first amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, without cross-reference to the original Petition.

[4] See supra note 2.

[5] The Court's Order to Show Cause and the legal conclusions contained herein constitute non-dispositive rulings on a pretrial matter. To the extent petitioner disagrees with such non-dispositive rulings, he may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent petioner believes the rulings to be dispositive, rather than non-dispositive, he has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.