# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 16-147 DSF(JC) | Date | April 25, 2016 |
| Title | Vincent Keith Johnson v. State of California | | |

| | | |
|---|---|---|
| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:      Attorneys Present for Respondent:

None      None

**Proceedings:**      (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED

On January 11, 2016, petitioner, who is proceeding *pro se*, signed a Petition for Writ of Habeas Corpus ("Original Petition") which was formally filed on January 29, 2016.  It appeared from the Original Petition that petitioner was then in custody in state prison on a three-year sentence imposed in October 2014, in connection with his September 3, 2014 guilty plea and conviction in Orange County Superior Court on a charge of violating California Penal Code section 290 ("Section 290"), by failing to re-register as a sex offender ("State Case").[1]  (Petition at 2).  Although not entirely clear, the Court liberally construed the Original Petition to challenge the sentence imposed upon petitioner in the State Case as such sentence apparently requires petitioner to register as a sex offender under Section 290 as a condition of parole.

As the Original Petition was deficient in multiple respects, this Court, on February 4, 2016, issued an Order to Show Cause ("First OSC") directing petitioner to show cause why the Petition should not be dismissed.[2]

///
///

---

[1] It appears from petitioner's recent change of address, that he is now on parole.  (Docket No. 10).

[2] More specifically, the First OSC noted that the Original Petition was deficient in the following respects:  (1) it was not submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions; (2) it did not name a proper respondent; (3) it appeared to state only a non-cognizable state law claim; and (4) it did not reflect that petitioner's claim was exhausted and it appeared to the Court from publicly available records that such claim was not exhausted.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-147 DSF(JC) | Date | April 25, 2016 |
|---|---|---|---|

| Title | Vincent Keith Johnson v. State of California |
|---|---|

On February 18, 2016, petitioner signed what has been construed to be a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition" or "FAP").[3]  The First Amended Petition, liberally construed, again appears to challenge the sentence imposed upon petitioner in the State Case which apparently requires petitioner to register as a sex offender under Section 290 as a condition of parole and the actions of state officials who apparently are administering/responsible for administering such sentence.[4]

The First Amended Petition, like the Original Petition, is deficient in multiple respects.

First, notwithstanding the Court's prior admonition and provision of an appropriate form, the First Amended Petition, like the Original Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions.  See Local Rule 83-16; Rule 2(d) of the Habeas Rules.  The Court reiterates that it is important to utilize the approved form, because, among other reasons, the approved form calls for specific information regarding whether an individual claim has been presented to and resolved by the California Supreme, i.e., whether it has been exhausted, as discussed further below.

Second, it again does not appear that petitioner's claim is cognizable on federal habeas review. Pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  Petitioner's instant claim is based solely on the application of state law, i.e., whether, he is required to register as a sex offender under Section 290.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Moor v. Palmer, 603 F.3d 658, 661 (9th Cir.) (petitioner's claim that state parole board misapplied state statutes failed to state basis for federal habeas corpus relief), cert. denied, 562 U.S. 1049 (2010); Corelleone v. California, 2014 WL 5660782, *3 (C.D. Cal. Nov. 3, 2014) (challenge to application of California sex offender registration law not cognizable on federal habeas review).

---

[3]Although the First Amended Petition was sent to this Court, the caption suggests that petitioner may have intended to direct it to the "Superior Court of the State of California, County of Orange." (FAP at 1).

[4]Petitioner appears to argue that requiring him to register as a sex offender – a status assertedly predicated upon his 1990 conviction in Florida – is illegal because such registration was not a part of his Florida plea bargain.  To the extent the Court previously advised petitioner in the First OSC, to the extent he intends to challenge his 1990 Florida conviction based upon a theory that enforcement of Section 290 has effected a breach of his plea agreement in that case, such a challenge may not properly be resolved by this California federal court.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-147 DSF(JC) | Date | April 25, 2016 |
|---|---|---|---|

| Title | Vincent Keith Johnson v. State of California | | |

Third, pursuant to 28 U.S.C. § 2254(b)(1) and governing case law, habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997); Keating v. Hood, 922 F. Supp. 1482, 1490 (C.D. Cal. 1996), app. dismissed on other grounds, 133 F.3d 1240 (9th Cir. 1998). In this case, the Petition does not reflect that petitioner's claim has been presented to and resolved by the California Supreme Court.[5] The Court's search of the publicly available dockets of the California Supreme Court – which are available at http://appellatecases.courtinfo.ca.gov, and of which this Court takes judicial notice, yield no indication that petitioner has presented his instant claim – or any challenge to the conviction or sentence in the State Case – to such court.[6] If petitioner's claim has not been presented to and resolved by the California Supreme Court, dismissal of the Petition as wholly unexhausted would be appropriate.[7] See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

---

[5]Petitioner appears to assert that he unsuccessfully attempted to exhaust potential administrative remedies but says nothing about any efforts to exhaust his claim in state court as required.

[6]In the event his claim is unexhausted, petitioner may still be able to present it to the California Supreme Court. See In Re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.

[7]Although such dismissal would be without prejudice, the dismissal of the present proceeding (even dismissal without prejudice) might contribute toward a statute of limitations bar against a federal petition subsequently filed by petitioner. Although 28 U.S.C. § 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim," the statute of limitations probably has not and would not be tolled during the pendency of the present federal proceedings. See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-147 DSF(JC) | Date | April 25, 2016 |
|----------|---------------------|------|----------------|

| Title | Vincent Keith Johnson v. State of California |
|-------|----------------------------------------------|

In light of the foregoing, IT IS HEREBY ORDERED:

1.      By not later than **May 11, 2016**, petitioner shall show cause in writing why the Petition should not be dismissed based upon the above-referenced deficiencies.  **Petitioner's response to this Order to Show Cause must state whether or not he has presented his current claim to the California Supreme Court and whether such court has resolved it.  If petitioner contends that he has, in fact, presented his claim to the California Supreme Court and that such court has ruled thereon, his response to this Order to Show Cause shall indicate how and when petitioner raised his claim with the California Supreme Court, shall include the date of the California Supreme Court's decision regarding his claim, and shall attach a copy of such decision, if it is available.**

**2.      If petitioner has already exhausted his claim – that is, he has presented it to the California Supreme Court and such court has ruled on it – and to the extent petitioner can cure the other deficiencies in the First Amended Petition identified herein, petitioner is granted leave to file a second amended petition for writ of habeas corpus which cures such deficiencies by May 11, 2016.**[8]

3.      The Clerk is directed to provide petitioner with a blank current Central District habeas petition form for petitioner's use in the event he chooses to file a second amended petition.

4.      Alternatively, in the event petitioner elects not to proceed with this federal action, he may expedite matters by signing and returning the attached Notice of Dismissal forthwith.[9]

///
///
///
///
///
///
///
///
///
///
///
///

---

[8]Any second amended petition should reflect the same case number, be clearly labeled "Second Amended Petition," and be filled out completely, without cross-reference to the Original Petition or the First Amended Petition.

[9]See supra note 7.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-147 DSF(JC) | Date | April 25, 2016 |
|---|---|---|---|
| Title | Vincent Keith Johnson v. State of California | | |

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the First Amended Petition based upon the above-referenced deficiencies and/or the dismissal of this action based on petitioner's violation of this Order to Show Cause and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[10]

Attachments

Initials of Deputy Clerk: hr

---

[10]The Court's Order to Show Cause and the legal conclusions contained herein constitute non-dispositive rulings on a pretrial matter. To the extent petitioner disagrees with such non-dispositive rulings, he may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent petitioner believes the rulings to be dispositive, rather than non-dispositive, he has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.