UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT KEITH JOHNSON, | ) | Case No. SACV 16-147 DSF(JC) |
| Petitioner, | ) ) | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | ) ) | |
| KIMBERLY HOLLAND, | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## I. BACKGROUND AND SUMMARY

On January 29, 2016, petitioner, who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Original Petition"). Although it appears that petitioner is now on parole (Docket No. 10), at the time he filed the Original Petition, petitioner was apparently in custody in state prison on a three-year sentence imposed in October 2014, in connection with his September 3, 2014 guilty plea and conviction in Orange County Superior Court on a charge of violating California Penal Code section 290 ("Section 290"), by failing to re-register as a sex offender ("State Case"). (Original Petition at 2). Although the Original Petition was not a model of clarity, it was liberally construed to challenge the sentence imposed upon petitioner in the State Case as such sentence apparently

requires petitioner to register as a sex offender under Section 290 as a condition of parole.

On February 4, 2016, the Magistrate Judge issued an Order to Show Cause ("First OSC") which advised petitioner that the Original Petition was deficient for reasons described in the First OSC, directed petitioner to show cause why the Original Petition should not be dismissed based upon such deficiencies, afforded petitioner leave to file a first amended petition for writ of habeas corpus, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[1] The First OSC further expressly advised petitioner that the failure timely to respond thereto may result in the dismissal of the Original Petition based upon the referenced deficiencies and/or the dismissal of this action based upon petitioner's failure to comply with the First OSC and/or his failure to prosecute.

On February 23, 2016, petitioner formally filed what has been construed to be a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition" or "FAP").[2] On April 25, 2016, the Magistrate Judge issued another Order to Show Cause ("Second OSC") which advised petitioner that the First Amended Petition was deficient for reasons described in the Second OSC, directed petitioner, by not later than May 11, 2016, to show cause why the First Amended Petition

---

[1] Specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that the Original Petition was deficient in the following respects: (1) it had not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions; (2) it did not name a proper respondent; (3) it appeared to state only a non-cognizable state law claim; and (4) it did not reflect that petitioner's claim had been exhausted, and it appeared to the Court from publicly available records that such claim had not been exhausted.

[2] Although the First Amended Petition was sent to this Court, the caption suggests that petitioner may have intended to direct it to the "Superior Court of the State of California, County of Orange." (FAP at 1).

should not be dismissed based upon such deficiencies, afforded petitioner leave to file a proper second amended petition for writ of habeas corpus, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[3] The Second OSC further expressly advised petitioner that the failure timely to respond thereto may result in the dismissal of the First Amended Petition based upon the referenced deficiencies therein and/or the dismissal of this action based upon petitioner's failure to comply with the Second OSC and/or his failure to prosecute.

Although the deadline to respond to the Second OSC expired more than two months ago, petitioner has not responded thereto. Nor has petitioner filed a second amended petition, or otherwise communicated with the Court since the issuance of the Second OSC.

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the Second OSC.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d

---

[3]Specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that the First Amended Petition was deficient in the following respects: (1) it had not been submitted on either the national form appended to the Habeas Rules or the form currently approved by the Central District of California for habeas petitions; (2) it appeared to state only a non-cognizable state law claim; and (3) it did not reflect that petitioner's claim had been exhausted, and it appeared to the Court from publicly available records that such claim had not been exhausted.

1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).[4]

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to

---

[4]Pursuant to Rule 12 of the Habeas Rules, the Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or the Habeas Rules, may be applied to habeas proceedings. Applying Rule 41(b) of the Federal Rules of Civil Procedure (and its attendant interpretative case law) to this habeas proceeding is not inconsistent with the Habeas Rules or any statutory provision.

file an amended pleading) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III. DISCUSSION AND ORDERS

First, the Court has reviewed the First OSC and the Second OSC (collectively "Orders to Show Cause"), agrees with the Orders to Show Cause, and finds that the Orders to Show Cause were properly issued for the reasons discussed therein.

Second, petitioner has been notified that the Original Petition and the First Amended Petition are deficient in multiple respects, has been granted leave to file a proper second amended petition and has been afforded the opportunity to show good cause why dismissal of the Original Petition, the First Amended Petition, and this action would not be appropriate. Petitioner has not done so.

Finally, upon consideration of the five factors noted above, the Court finds that petitioner's unreasonable failure to prosecute his case and failure to comply with the Second OSC warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting petitioner's response to the Court's directive. The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as petitioner has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Second OSC, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal

without prejudice is feasible.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based upon petitioner's unreasonable failure to prosecute and his failure to comply with the Second OSC, and that judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve a copy of the instant Memorandum Opinion and Order Dismissing Action and the judgment on petitioner and respondent.

IT IS SO ORDERED.

DATED: ___8/1/16

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE